# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WEST, JR., <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE, <br><br> Defendant. | Case No. 1:21-cv-00976-DAD-BAM <br><br> SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT <br><br> (Doc. 1) <br><br> **THIRTY-DAY DEADLINE** |

Plaintiff Jerry West, Jr. ("Plaintiff"), a state prisoner proceeding pro se and *in forma pauperis*, initiated this action against the Department of the Treasury, Internal Revenue Service ("IRS") on June 21, 2021. Plaintiff's complaint is currently before the Court for screening. (Doc. 1.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b);

1

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Mos*s, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility in Corcoran, California. Plaintiff brings suit against the Department of Treasury, Internal Revenue Service. (Doc. 1 at 2.)

Plaintiff alleges as follows:

> Plaintiff has submitted [several] Form 1040 u.s. individual income tax Return for the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) for issue of the Economic Impact Payments (EIP) of $3,200. Plaintiff has not received these payments and has written the Internal Revenue multiple times and has received no responses. As a prisoner, plaintiff does not have access to the Internet or able to call directly to any Internal Revenue Service office and the Internal Revenue Services websites has no information regarding even receiving the submitted Form 1040. The Internal Revenue Service has DENIED Plaintiff his CARES EIP 2020 refund.

(Doc. 1 at 3.) As relief, Plaintiff seeks $3,200 in CARES Act Economic Impact Payments. (*Id.*)

///

**III.   Discussion**

**A.   The CARES Act**

The Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), codified in part at Section 6428 of the Internal Revenue Code, 26 U.S.C. § 6428, established a mechanism for the IRS to issue economic impact payments ("EIP") to eligible individuals. *Scholl v. Mnuchin (Scholl I)*, 489 F.Supp.3d 1008, 1020 (N.D. Cal. 2020), appeal dismissed, No. 20-16915, 2020 WL 9073361 (9th Cir. Nov. 20, 2020). Under § 6248(a), eligible individuals may receive a tax credit in the amount of $1,200 ($2,400 if filing a joint return), plus $500 multiplied by the number of qualifying children. *Scholl* I, 489 F.Supp.3d at 1020 (citing 26 U.S.C. § 6428(a).) This amount is credited against the individual's federal income tax for the year 2020. *Id.* For purposes of the CARES Act, an eligible individual is defined as "any individual" other than (1) a nonresident alien individual, (2) an individual who is allowed as a dependent deduction on another taxpayer's return, or (3) an estate or trust. *Id.* at 1021 (citing 26 U.S.C. § 6428(d)); *Conde v. Dep't of the Treasury & Internal Revenue Serv.*, No. 1:21-cv-01072-DAD-SKO, 2021 WL 6000057, at *1 (E.D. Cal. Dec. 20, 2021).

The CARES Act provided that "each individual who was an eligible individual for such individual's first taxable year beginning in 2019 shall be treated as having made a payment against the tax imposed by chapter 1 for such taxable year in an amount equal to the advance refund amount for such taxable year." *Scholl I*, 489 F.Supp.3d at 1021 (quoting 28 U.S.C. § 6428(f)(1)). Therefore, the Act provides that "if an eligible individual filed a tax return in 2018 or 2019 or filed one of the enumerated Social Security forms, then the Act directs the IRS to treat those taxpayers as eligible for an advance refund of the tax credit." *Scholl I*, 489 F.Supp.3d at 1021. Congress provided that "[n]o refund or credit shall be made or allowed under this subsection after December 31, 2020." 26 U.S.C. § 6428(f)(3)(A).

**B.   The *Scholl* Class**

In *Scholl I*, the district court provisionally certified the following class:

All United States citizens and legal permanent residents who:

(a) are or were incarcerated (i.e., confined in a jail, prison, or other penal institution or correctional facility pursuant to their conviction of a criminal offense) in the United States, or have been held to have violated a condition of parole or probation imposed under federal or state law, at any time from March 27, 2020 to the present;

(b) filed a tax return in 2018 or 2019, or were exempt from a filing obligation because they earned an income below $12,000 (or $24,400 if filing jointly) in the respective tax year;

(c) were not claimed as a dependent on another person's tax return; and

(d) filed their taxes with a valid Social Security Number, and, if they claimed qualifying children or filed jointly with another person, those individuals also held a valid Social Security Number.

*Scholl I*, 489 F. Supp. 3d at 1047. In *Scholl v. Mnuchin (Scholl II)*, 494 F.Supp.3d 661 (N.D. Cal. 2020), the district court granted final certification of this class and entered declaratory relief, stating as follows:

[T]he court finds and declares that title 26 U.S.C. § 6428 does not authorize defendants to withhold advance refunds or credits from class members solely because they are or were incarcerated. The court further finds and declares that defendants' policy that persons who are or were incarcerated at any time in 2020 were ineligible for advance refunds under the Act is both arbitrary and capricious and not in accordance with law.

*Scholl II*, 494 F.Supp.3d at 692. The court entered a permanent injunction and directed defendants to reconsider EIPs that were denied on the sole basis of an individual's incarcerated status. *Id.* at 692-93. With regard to specific payments, the court clarified as follows:

The court takes no position on whether plaintiffs or class members are in fact owed advance refund payments or the amount of those payments. . . . The court's determination in this order is that the IRS's action was "arbitrary, capricious, ... or otherwise not in accordance with law" and the appropriate remedy is to "hold unlawful and set aside" that agency action. 5 U.S.C. § 706(2). It is incumbent on the IRS, as the agency charged by Congress, to make individual determinations whether an individual is an "eligible individual" and meets the various criteria delineated in the Act.

*Scholl II*, 494 F. Supp. 3d at 691

**C. Tax Refund Claim - 28 U.S.C. § 1346**

Under 28 U.S.C. § 1346(a)(1), a district court has jurisdiction over civil actions "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." A taxpayer's right to bring a refund suit, however, is limited by 26 U.S.C. § 7422(a). *See Dutch v. Internal Revenue Dep't of Treasury*, No. SACV 12-02098-CJC, 2013 WL 7162138, at *2 (C.D. Cal. Dec. 20, 2013). Section 7422(a) provides:

> (a) **No suit prior to filing claim for refund**.—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

A refund claim is a prerequisite to jurisdiction; a United States District Court does not have jurisdiction over a tax refund suit unless the taxpayer has not only paid all assessments in full, but also has filed a claim for a refund with the IRS. *Thomas v. United States*, 755 F.2d 728, 729 (9th Cir.1985); *Yuen v. United States*, 825 F.2d 244, 245 (9th Cir.1987).

**D. Analysis**

Plaintiff is incarcerated and claims that the IRS has denied him EIPs under the CARES Act. As relief, he seeks to have the IRS provide his EIPs. To the extent Plaintiff is claiming that the IRS withheld his payments solely due to his incarcerated status, "he is already part of the *Scholl* class; therefore, he is not entitled to separate individual relief." *Conde v. Dep't of the Treasury & Internal Revenue Serv.*, No. 1:21-cv-01072-DAD-SKO, 2021 WL 6000057, at *1 (E.D. Cal. Dec. 20, 2021) (citations and quotation omitted).

Further, the CARES Act specifies that no refund or credit would be made or allowed after December 31, 2020. 26 U.S.C. § 6428(f)(3)(A). That deadline passed before Plaintiff initiated the instant action in June 2021. "Any tax rebate Plaintiff might be eligible for must be applied for

through his tax return, as it is the responsibility of the IRS, not the Court, to make determinations on rebate or credit eligibility." *Conde*, 2021 WL 6000057, at *3 (citing 28 U.S.C. § 6428(f)(3)(B) and *Scholl I*, 489 F.Supp.3d at 1021 n.1.).

Finally, Plaintiff alleges that he submitted 1040 forms, but has not received his refund. To bring a tax refund suit, Plaintiff was required to file an administrative claim with the IRS. *Conde*, 2021 WL 6000057, at *4; 26 U.S.C. § 7422(a). Although Plaintiff alleges that he has written to the IRS numerous times, Plaintiff has failed to adequately allege that he filed an administrative claim before binging this action.

### IV.     Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim for relief or otherwise establish this Court's jurisdiction. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order (or file a notice of

voluntary dismissal); and

       3.     If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **January 19, 2022**          /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE