# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WEST, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE,<br><br>    Defendant. | Case No. 1:21-cv-00976-DAD-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE<br><br>(Doc. 6)<br><br>**FOURTEEN-DAY DEADLINE** |

    Plaintiff Jerry West, Jr. ("Plaintiff"), a state prisoner proceeding pro se and *in forma pauperis*, initiated this action against the Department of the Treasury, Internal Revenue Service ("IRS") on June 21, 2021.

    On January 20, 2022, the Court screened Plaintiff's complaint and granted him leave to amend within thirty (30) days of service of the Court's order. (Doc. 6.) Plaintiff was expressly warned that if he failed to file an amended complaint in compliance with the Court's order, then the Court would recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (*Id.*) The deadline for Plaintiff to file his amended complaint has passed and Plaintiff has not complied with the Court's order. The Court therefore will recommend dismissal of this action for failure to state a claim, failure to obey a court order

1

and failure to prosecute.

## I. Failure to State a Claim

### A. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B. Plaintiff's Allegations

Plaintiff, a state prisoner, brings suit against the Department of Treasury, Internal Revenue Service. (Doc. 1 at 2.) Plaintiff alleges as follows:

> Plaintiff has submitted [several] Form 1040 u.s. individual income tax Return for the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) for issue of the Economic Impact Payments (EIP) of $3,200. Plaintiff has not received these payments and has written the Internal Revenue multiple times and has received no

> responses. As a prisoner, plaintiff does not have access to the Internet or able to call directly to any Internal Revenue Service office and the Internal Revenue Services websites has no information regarding even receiving the submitted Form 1040. The Internal Revenue Service has DENIED Plaintiff his CARES EIP 2020 refund.

(Doc. 1 at 3.) As relief, Plaintiff seeks $3,200 in CARES Act Economic Impact Payments. (*Id.*)

### C. Discussion

#### 1. The CARES Act

The Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), codified in part at Section 6428 of the Internal Revenue Code, 26 U.S.C. § 6428, established a mechanism for the IRS to issue economic impact payments ("EIP") to eligible individuals. *Scholl v. Mnuchin (Scholl I)*, 489 F.Supp.3d 1008, 1020 (N.D. Cal. 2020), appeal dismissed, No. 20-16915, 2020 WL 9073361 (9th Cir. Nov. 20, 2020). Under § 6248(a), eligible individuals may receive a tax credit in the amount of $1,200 ($2,400 if filing a joint return), plus $500 multiplied by the number of qualifying children. *Scholl* I, 489 F.Supp.3d at 1020 (citing 26 U.S.C. § 6428(a).) This amount is credited against the individual's federal income tax for the year 2020. *Id.* For purposes of the CARES Act, an eligible individual is defined as "any individual" other than (1) a nonresident alien individual, (2) an individual who is allowed as a dependent deduction on another taxpayer's return, or (3) an estate or trust. *Id.* at 1021 (citing 26 U.S.C. § 6428(d)); *Conde v. Dep't of the Treasury & Internal Revenue Serv.*, No. 1:21-cv-01072-DAD-SKO, 2021 WL 6000057, at *1 (E.D. Cal. Dec. 20, 2021).

The CARES Act provided that "each individual who was an eligible individual for such individual's first taxable year beginning in 2019 shall be treated as having made a payment against the tax imposed by chapter 1 for such taxable year in an amount equal to the advance refund amount for such taxable year." *Scholl I*, 489 F.Supp.3d at 1021 (quoting 28 U.S.C. § 6428(f)(1)). Therefore, the Act provides that "if an eligible individual filed a tax return in 2018 or 2019 or filed one of the enumerated Social Security forms, then the Act directs the IRS to treat those taxpayers as eligible for an advance refund of the tax credit." *Scholl I*, 489 F.Supp.3d at 1021. Congress provided that "[n]o refund or credit shall be made or allowed under this

subsection after December 31, 2020." 26 U.S.C. § 6428(f)(3)(A).

### 2. The *Scholl* Class

In *Scholl I*, the district court provisionally certified the following class:

> All United States citizens and legal permanent residents who:
>
> (a) are or were incarcerated (i.e., confined in a jail, prison, or other penal institution or correctional facility pursuant to their conviction of a criminal offense) in the United States, or have been held to have violated a condition of parole or probation imposed under federal or state law, at any time from March 27, 2020 to the present;
>
> (b) filed a tax return in 2018 or 2019, or were exempt from a filing obligation because they earned an income below $12,000 (or $24,400 if filing jointly) in the respective tax year;
>
> (c) were not claimed as a dependent on another person's tax return; and
>
> (d) filed their taxes with a valid Social Security Number, and, if they claimed qualifying children or filed jointly with another person, those individuals also held a valid Social Security Number.

*Scholl I*, 489 F. Supp. 3d at 1047.  In *Scholl v. Mnuchin (Scholl II)*, 494 F.Supp.3d 661 (N.D. Cal. 2020), the district court granted final certification of this class and entered declaratory relief, stating as follows:

> [T]he court finds and declares that title 26 U.S.C. § 6428 does not authorize defendants to withhold advance refunds or credits from class members solely because they are or were incarcerated.  The court further finds and declares that defendants' policy that persons who are or were incarcerated at any time in 2020 were ineligible for advance refunds under the Act is both arbitrary and capricious and not in accordance with law.

*Scholl II*, 494 F.Supp.3d at 692.  The court entered a permanent injunction and directed defendants to reconsider EIPs that were denied on the sole basis of an individual's incarcerated status.  *Id.* at 692-93.  With regard to specific payments, the court clarified as follows:

> The court takes no position on whether plaintiffs or class members are in fact owed advance refund payments or the amount of those payments. . . . The court's determination in this order is that the IRS's action was "arbitrary, capricious, ... or otherwise not in accordance with law" and the appropriate remedy is to "hold unlawful and set aside" that agency action. 5 U.S.C. § 706(2). It is incumbent on

4

> the IRS, as the agency charged by Congress, to make individual determinations whether an individual is an "eligible individual" and meets the various criteria delineated in the Act.

*Scholl II*, 494 F. Supp. 3d at 691

### 3. Tax Refund Claim - 28 U.S.C. § 1346

Under 28 U.S.C. § 1346(a)(1), a district court has jurisdiction over civil actions "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." A taxpayer's right to bring a refund suit, however, is limited by 26 U.S.C. § 7422(a). *See Dutch v. Internal Revenue Dep't of Treasury*, No. SACV 12-02098-CJC, 2013 WL 7162138, at *2 (C.D. Cal. Dec. 20, 2013). Section 7422(a) provides:

> (a) **No suit prior to filing claim for refund**.—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

A refund claim is a prerequisite to jurisdiction; a United States District Court does not have jurisdiction over a tax refund suit unless the taxpayer has not only paid all assessments in full, but also has filed a claim for a refund with the IRS. *Thomas v. United States*, 755 F.2d 728, 729 (9th Cir.1985); *Yuen v. United States*, 825 F.2d 244, 245 (9th Cir.1987).

### 4. Analysis

Plaintiff is incarcerated and claims that the IRS has denied him EIPs under the CARES Act. As relief, he seeks to have the IRS provide his EIPs. To the extent Plaintiff is claiming that the IRS withheld his payments solely due to his incarcerated status, "he is already part of the *Scholl* class; therefore, he is not entitled to separate individual relief." *Conde v. Dep't of the Treasury & Internal Revenue Serv.*, No. 1:21-cv-01072-DAD-SKO, 2021 WL 6000057, at *1 (E.D. Cal. Dec. 20, 2021) (citations and quotation omitted).

Further, the CARES Act specified that no refund or credit would be made or allowed after December 31, 2020.  26 U.S.C. § 6428(f)(3)(A).  That deadline passed before Plaintiff initiated the instant action in June 2021.  "Any tax rebate Plaintiff might be eligible for must be applied for through his tax return, as it is the responsibility of the IRS, not the Court, to make determinations on rebate or credit eligibility."  *Conde*, 2021 WL 6000057, at *3 (citing 28 U.S.C. § 6428(f)(3)(B) and *Scholl I*, 489 F.Supp.3d at 1021 n.1.).

Finally, Plaintiff alleges that he submitted 1040 forms, but has not received his refund.  To bring a tax refund suit, Plaintiff was required to file an administrative claim with the IRS.  *Conde*, 2021 WL 6000057, at *4; 26 U.S.C. § 7422(a).  Although Plaintiff alleges that he has written to the IRS numerous times, Plaintiff has failed to adequately allege that he filed an administrative claim before binging this action.

For these reasons, the Court finds that Plaintiff's complaint fails to state a cognizable claim for relief or otherwise establish this Court's jurisdiction.

**II.    Failure to Obey Court Order and Failure to Prosecute**

**A.  Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal."  *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.     Discussion**

Here, Plaintiff's amended complaint is overdue.  The action cannot proceed without Plaintiff's cooperation and compliance with the Court's order. Moreover, the Court cannot hold this case in abeyance awaiting compliance by Plaintiff.  The Court additionally cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's January 20, 2022 screening order expressly warned Plaintiff that his failure to comply would result in a recommendation for dismissal of this action.  (Doc. 6.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff's in forma pauperis status in this action indicates that monetary sanctions are of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

### III. Conclusion and Recommendation

For the reasons stated, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for Plaintiff's failure to state a claim, failure to obey the Court's order and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 3, 2022**              /s/ *Barbara A. McAuliffe*            
                                    UNITED STATES MAGISTRATE JUDGE